PER CURIAM:
On December 12, 1987, claimant purchased a new Buick from Scott Runyon Pontiac - Buick of Nitro, West Virginia. As a result of an admitted structural defect the manufacturer repurchased the vehicle on June 5, 1989. Claimant was refunded the original purchase price, exclusive of taxes. Claimant testified that pursuant to an arbitration agreement by and between the manufacturer and purchaser, claimant may only recover the purchase price. An arbitration award to claimant in the amount of $19,489.00 was made by General Motors Corporation. This amount did not include the $974.45 paid by claimant as sales tax on purchase. Claimant informally sought the refund of the sales tax from respondent, but was advised that a "six month rule" barred the refund request. Claimant now petitions for the sales tax refund to this Court.
Respondent avers that the Court lacks jurisdiction to allow a refund of sales tax. Respondent, however, does stipulate that the sales tax was paid and collected by the State in the stated amount of $974.45.
*140 It is the opinion of the Court that the claimant lacks standing to recover the refund through the Court of Claims under W.Va. Code §14-2-1 and §14-2-14(5). Furthermore, W.Va. Code §46A-6A-4(a) et. seq. provide that in a civil action by a consumer:
(a) If the nonconformity results in substantial impairment to the use or market value of the new motor vehicle and the manufacturer has not replaced the new motor vehicle pursuant to the provisions of section three [§46-A-6A-3] of this article, or if the nonconformity exists after a reasonable number of attempts to conform the new motor vehicle to the applicable express warranties, the consumer shall have a cause of action against the manufacturer in the circuit court of any county having venue.
(b) In any action under this section, the consumer may be awarded all or any portion of the following:
(1) Revocation of acceptance and refund of purchase price, including, but not limited to, sales tax,.... (Emphasis added.)
As the Court lacks jurisdiction over the subject matter of this claim, the Court must deny the claim.
Claim disallowed.